UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

In Re:

Herbert F. Schroeder,                               Bankruptcy No. 14-41523
                                                    Chapter 7
    Debtor.

### ORDER DENYING MOTION FOR SANCTIONS

Before the Court is Debtor's Motion for Sanctions under 11 U.S.C. § 362(k), filed on December 16, 2014. The Court received no response to the motion.

Debtor Herbert F. Schroeder petitioned for relief under Chapter 7 of the Bankruptcy Code on August 29, 2014. On his Schedule F, Debtor listed Saint Elizabeth Regional Medical Center (Creditor) as the holder of an unsecured non-priority claim in the amount of $38.91. In his motion and attached affidavit, Debtor asserts that he has continuously received billing statements from Creditor beginning on September 15, 2014. Linda J. Schroeder is the "Addressee" and the "Patient Name" on the billing statements. Doc. 10–2. Debtor is not named anywhere in the billing statements. See id. Debtor's attorney sent a cease and desist letter to Creditor on September 15, 2014, and again on October 14, 2014. See Doc. 10–1. In the letters, Debtor explains that the "above-named person," who is "Herbert Schroeder," filed for bankruptcy relief and that Creditor should cease all attempts to collect on debts owed by Debtor. Id. Debtor states that he received another billing statement from Creditor in November 2014, and he argues that these attempts to collect a debt are a violation of the automatic stay.

The Court held a hearing on the motion on January 21, 2015. Debtor appeared at the hearing through his attorney. No other party appeared. During the hearing, the Court asked Debtor to explain why the letters addressed to Linda Schroeder (who is not a debtor) should be considered a violation of the automatic stay in this case. Debtor asserted that the medical bills were incurred for the care of Debtor's wife, who is now deceased. He argued that, under Nebraska law, a husband is liable for his wife's necessary expenses, including medical bills. Apparently, Debtor assumed that Creditor was attempting to collect a debt from him. The Court allowed Debtor the opportunity to submit a letter brief outlining the authority for such a proposition. Debtor promptly filed his letter brief on January 22, 2015. See Doc. 20.

In his brief, Debtor cites Spaun v. Mercer, 8 Neb. 357 (1879), for the proposition that a husband is liable for the necessary medical expenses of his wife. Debtor also cites Neb. Rev. Stat. § 42–201, which provides, in relevant part:

> [A]ll property of a married woman, except ninety percent of her wages, not exempt by statute from sale on execution or attachment, regardless of when or how said property has been or may hereafter be acquired, shall be liable for the payments of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same.

Section 362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Eighth Circuit Bankruptcy Appellate Panel explained the legal standards under Section 362(k) as follows:

1

A debtor seeking damages under § 362(k) must demonstrate, by a preponderance of the evidence, that a creditor acted willfully in violation of the stay and that an injury resulted from that conduct. Carter v. First Nat'l Bank of Crossett (In re Carter), 502 B.R. 333 (B.A.P. 8th Cir. 2013). The Eighth Circuit has held that "[a] willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773 (8th Cir. 1989 (citing Aponte v. Aungst (In re Aponte), 82 B.R. 738, 742 (Bankr. E.D. Pa. 1988)). A willful violation does not require a finding of specific intent. In re Carter, 502 B.R. at 336 (quoting Associated Credit Servs. v. Campion (In re Campion), 294 B.R. 313, 316 (B.A.P. 9th Cir. 2003)). In other words, if the creditor is aware of the bankruptcy filing, any intentional act that results in a violation of the stay is willful. . . .

Bugg v. Gray (In re Gray), 519 B.R. 767, 774–75 (B.A.P. 8th Cir. 2014).

Assuming, without deciding, that the authorities cited by Debtor make Debtor liable for his wife's medical expenses, the Court is not convinced that Creditor violated the automatic stay. Debtor presented no evidence that Creditor had knowledge that Debtor and Linda J. Schroeder were married. He also failed to produce evidence that Creditor was attempting to collect a debt from Debtor because he was Linda Schroeder's spouse and, therefore, liable for the debt. In fact, Debtor offered no evidence that Creditor attempted to collect the debt from Debtor. The "Addressee" and "Patient Name" listed on the billing statements are both "Linda J Schroeder," who is not a debtor in this bankruptcy case. See Doc. 10–2. Neither billing statement references Debtor by name or otherwise. Id. Further, in his cease and desist letters to Creditor, he states only that the "above-named person," who is "Herbert Schroeder," filed for bankruptcy protection and that Creditor should cease its attempts to collect from him. See Doc. 10–1. Debtor's letters make no reference to Linda Schroeder and do not attempt to explain the situation involving Debtor's wife. In addition, Debtor's letters do not provide the account number or Debtor's address so that Creditor would have notice that the billing statements sent to Linda Schroeder were arriving at Debtor's residence. Similarly, Debtor's Schedule F, on which Creditor is listed as an unsecured creditor, does not reference an account number or otherwise indicate that the debt relates to Linda Schroeder. Based on the evidence in the record, the only connection between Debtor and Linda Schroeder is their common last name.

Consequently, the Court concludes that Debtor failed to prove, by a preponderance of the evidence, that Creditor willfully violated the automatic stay. Therefore, **IT IS ORDERED** that Debtor's motion for sanctions is **DENIED**.

Dated this 9th day of February, 2015.

*[Signature: Shon Hastings]*

**SHON HASTINGS, JUDGE**
**UNITED STATES BANKRUPTCY COURT**
**SITTING BY DESIGNATION**